IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sarah Allen, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 5492 |
| Berman & Rabin, P.A., a Kansas corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Sarah Allen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>etseq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Sarah Allen ("Allen"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Citibank account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Berman & Rabin, P.C. ("Berman"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Berman operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many consumers in the State of Illinois. In fact, Defendant Berman was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Berman is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Berman conducts business in Illinois.

6. Moreover, Defendant Berman is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Berman acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Allen is a senior citizen, with limited assets and income, who fell behind on paying her bills, including her Citibank account. When Berman began trying to collect the delinquent Citibank debt from Ms. Allen, by sending her a collection letter dated February 20, 2012, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Berman's collection actions. A copy of Defendant Berman's collection letter is attached as Exhibit C.

8. Accordingly, on March 8, 2012, one of Ms. Allen's attorneys at LASPD informed Berman, in writing, that Ms. Allen was represented by counsel, and directed

Berman to cease contacting her, and to cease all further collection activities because Ms. Allen was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Berman called Ms. Allen directly including, but not limited to, telephone calls on March 22, 2012 and March 23, 2012, attempting to collect the Citibank debt.

10. Accordingly, on April 5, 2012, one of Ms. Allen's LASPD attorneys had to write to Defendant Berman again to demand that it cease communications and cease collection of the Citibank debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant Berman's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Berman's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Allen's, agent/attorney, LASPD, told Defendant

Berman to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendant Berman violated § 1692c(c) of theFDCPA.

16. DefendantBerman'sviolations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Berman knew that Ms. Allen was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Berman to cease directly communicating with her. By directly calling Ms. Allen, despite being advised that she was represented by counsel, Defendant Berman violated § 1692c(a)(2) of the FDCPA.

20. Defendant Berman's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

**PRAYER FOR RELIEF**

Plaintiff, Sarah Allen, prays that this Court:

1. Find that Defendant Berman's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Allen, and against Defendant Berman, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Sarah Allen, demands trial by jury.

                Sarah Allen,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: July 12, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com